# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER MICHAEL DALE,

      Plaintiff,

v.                                          CASE NO. 17-3057-SAC

JAMES HEIMGARTNER, et al.,

      Defendants,

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Mr. Dale, an inmate confined in the El Dorado Correctional Facility in El Dorado, Kansas, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] He proceeds in forma pauperis.[2] Plaintiff's complaint rambles and appears to have been filed with a page missing. From a careful review, however, the court has gleaned that in 2013 and 2014 Mr. Dale was assaulted by gang members at the correctional facilities in Lansing and Hutchinson because he is a jailhouse informant. As relief, he seeks (1) a declaratory judgment stating that he has the right to be free from assault by other inmates and that defendants have violated his Eighth Amendment rights; (2) injunctive relief that prevents defendants from transferring him to the correctional facilities in Lansing or Hutchinson or keeping him at El Dorado, and which requires defendants to transfer plaintiff to a facility in Norton, Oswego, or somewhere else safe; and (3) $75,000 in compensatory damages, $10,000 per defendant in punitive damages, and costs and fees.

## SCREENING UNDER 28 U.S.C. § 1915A

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from

---

[1] Plaintiff subsequently notified the court that he has been transferred to Norton Correctional Facility in Norton, Kansas.

[2] On April 11, 2017, the court granted plaintiff's motion to proceed in forma pauperis and directed plaintiff to pay an initial partial filing fee of $20.50 within 14 days of receiving the order. Plaintiff made the initial payment on April 17, 2017.

a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal for several reasons. First, any claims related to the alleged assaults,[3] which occurred in 2013 and 2014, are time-barred. The Supreme Court directs courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985). In Kansas, that period is two years. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630–31 (10th Cir. 1993) (two-year statute of limitations in K.S.A. 60–513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983). Plaintiff also presents no argument or allegation that he has exhausted administrative remedies with respect to the alleged assaults. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, to the extent plaintiff attempts to bring claims arising out of the alleged assaults, those claims are subject to dismissal as time-barred and for failure to exhaust available administrative

---

[3] It is not clear from the complaint and attached grievances whether plaintiff is attempting to state affirmative claims involving the alleged assaults, or whether plaintiff includes the information about the assaults to bolster what appears to be his primary argument not to be housed at Lansing, Hutchinson, or El Dorado.

remedies before filing this action.

Additionally, with regard to his housing assignment request, plaintiff fails to state a constitutional claim because prisoners have no constitutional right to choose their housing assignment – either in any particular prison or portion of a prison. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Moreover, since the inception of this lawsuit, plaintiff has notified this court of his transfer to Norton Correctional Facility, which appears to moot this issue. Accordingly, plaintiff's claims regarding his housing assignment are also subject to dismissal.

## PENDING MOTIONS

Also pending before the court are plaintiff's motion to file under seal and gag order all defendants (Doc. 2), motion for preliminary injunction (Doc. 4), motion to appoint counsel (Doc. 9), and two emergency motions requesting a ruling on plaintiff's motion for preliminary injunction (Doc. 11) and a telephone hearing on his motion (Doc. 12).

In support of his motion to seal this case and place a gag order on all defendants, plaintiff conclusorily alleges that correctional facility staff commonly engage in unspecified "inappropriate and often illegal acts" and often disseminate critical information causing unspecified "serious injuries and risks" to other inmates and staff. Plaintiff alleges that he fears for his personal safety if staff are permitted disclose information about the suit to other staff or inmates. It is within the court's discretion whether, or the extent to which, judicial records and other case-related information should be sealed or otherwise withheld from the public. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotations omitted). The longstanding common-law right of access to judicial records can be limited only if "countervailing interests heavily outweigh the public interest in access." *Id.* The party seeking to limit access bears the burden to show a significant interest that outweighs the presumption of access. *Id.* In this case, plaintiff seeks not to shield specific sensitive information, but rather to hide the existence of his case from public view. The court finds plaintiff's vague concerns about possible retaliation insufficient, however, to outweigh the presumption of access. The motion to seal is therefore denied.

Additionally, the court denies plaintiff's motions for preliminary injunction, appointment of counsel, and emergency motions. There is no constitutional right to appointment of counsel in a civil action. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). The court has considered the potential merit of plaintiff's claims along with other pertinent factors, and finds that appointment of counsel is not warranted at this time.

With respect to plaintiff's requests for a preliminary injunction and telephone hearing, plaintiff alleges that he believes he will be transferred to another facility soon and seeks an injunction that prevents defendants from transferring him to the correctional facilities in Lansing or Hutchinson or keeping him at El Dorado, and which requires defendants to transfer plaintiff to a safer facility. To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005); *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). And, the Tenth Circuit disfavors preliminary injunctions (such as this) which (1) alter the status quo, (2) are mandatory as opposed to prohibitory, or (3) afford the movant substantially all the relief he may receive at the conclusion of a full trial on the merits. *O Cento Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004) (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1097, 1098 (10th Cir. 1991)); *see also Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012). As such, a movant who seeks a disfavored preliminary injunction must demonstrate that "on balance, the four factors weigh heavily and

4

compellingly in his favor." *O Cento Espirita*, 389 F.3d at 977. For reasons already stated, the court finds that plaintiff has not shown a likelihood of success on the merits. Moreover, plaintiff is not entitled to a hearing because he has not alleged sufficient facts to support either the granting of a preliminary injunction or the finding of a federal constitutional violation.

Accordingly, plaintiff's motions to file under seal and gag order all defendants (Doc. 2), for preliminary injunction (Doc. 4), to appoint counsel (Doc. 9), and requesting a telephone hearing on his motion (Doc. 12) are denied. Plaintiff's motion requesting a ruling on the motion for preliminary injunction (Doc. 11) is denied as moot.

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety as frivolous and for failure to state a claim. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein. If he does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until November 26, 2017, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that until November 26, 2017, plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's motions to file under seal and gag order all defendants (Doc. 2), for preliminary injunction (Doc. 4), to appoint counsel (Doc. 9), requesting a ruling on the motion for preliminary injunction (Doc. 11), and requesting a telephone hearing on his motion (Doc. 12) are denied.

The clerk is directed unseal the case and to send forms and instructions to plaintiff.

**IT IS SO ORDERED.**

Dated this 27nd day of October, 2017, at Topeka, Kansas.

s/Sam A. Crow
**U. S. Senior District Judge**