## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER MICHAEL DALE,**

**Plaintiff,**

v.                                                    **CASE NO. 17-3057-SAC**

**JAMES HEIMGARTNER, et al.,**

**Defendants,**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Dale is currently an inmate at Lansing Correctional Facility in Lansing, Kansas ("LCF"). He primarily alleges that his Eighth Amendment rights are being violated by Defendants' failure to protect him from other prisoners. Mr. Dale states he has been attacked at least 3 times in 2 different correctional facilities as a result of informing on other inmates while he was confined in the Johnson County Jail in 2009. The Court conducted an initial screening of Mr. Dale's Complaint and ordered him to show cause why his Complaint should not be dismissed for failure to state a claim. (Doc. 15.) The Court found any claims based on assaults that occurred in 2013 and 2014 are time-barred, that it did not appear Mr. Dale had exhausted his administrative remedies, and that prisoners have no constitutional right to choose their housing assignment. Plaintiff filed a response and an amended complaint. (Doc. 16 & 17.)

In his response and amended complaint, Mr. Dale argues his claims should not be barred by the statute of limitations because he has suffered a "non-stop ordeal" and continuing effects of

1

Defendants' "lack of reasonable acts."  He also modified his request for relief to add a request that

the Court order KDOC to take protective measures, such as placing central monitors and "keep

aways" on specific inmates.

**Statute of limitations**

The Court finds that any recovery for the assaults on Mr. Dale in 2013 and 2014 is barred

by the statute of limitations.  Plaintiff filed this action on April 3, 2017.  Therefore, only alleged

actions of Defendants that occurred on or after April 3, 2015, are actionable.  *See Baker v. Board*

*of Regents of State of Kan.*, 991 F.2d 628, 630–31 (10th Cir. 1993).

**Failure to protect (Counts I & III)**

Plaintiff's primary claim is that Defendants violated his Eighth Amendment rights by

failing to protect him from other inmates.  Prison officials have a duty under the Eighth

Amendment "to protect prisoners from violence at the hands of other prisoners."  *Farmer v.*

*Brennan*, 511 U.S. 825, 832 (1994).  However, the failure of a prison official to meet that duty

only rises to the level of a constitutional violation if the evidence shows the defendants acted with

"wanton or obdurate disregard for or deliberate indifference to" the protection of prisoners' lives.

*Harris v. Maynard,* 843 F.2d 414, 416 (10th Cir. 1988); *Northington v. Jackson,* 973 F.2d 1518,

1525 (10th Cir. 1992).

The test for deliberate indifference has both an objective and a subjective component.

*Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009); *Sealock v. Colorado*, 218 F.3d 1205,

1209 (10th Cir. 2000).  "The objective component of the test is met if the 'harm suffered rises to a

level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause' of the

Eighth Amendment."  *Martinez,* 563 F.3d at 1088 (quoting *Mata v. Saiz,* 427 F.3d 745, 752–53

(10th Cir. 2005)).  "To prevail on the subjective component, the prisoner must show that the

defendants 'knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.'" *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006) (quoting *Kikumura v. Osagie,* 461 F.3d 1269, 1293 (10th Cir. 2006)).

Applying the test to Plaintiff's case, the first question is whether Mr. Dale has stated facts demonstrating that the harm he has suffered since April 3, 2015, is sufficiently serious to rise to the level of a constitutional violation. Mr. Dale does not allege he has been attacked in that time period. He makes vague assertions that he has been "threatened by gangs" or that attempted attacks have been made, but he provides no detail as to the dates or the circumstances. His conclusory assertions of on-going harm are simply not sufficient to meet the objective component of the deliberate indifference analysis.

The second question is whether Plaintiff has stated facts showing that each of the named defendants were personally aware he faced a substantial risk of harm. Mr. Dale has also failed to meet his burden on this portion of the test for deliberate indifference. The only defendants identified by name in the supporting facts section of the complaint are Defendant Heimgartner and the "Secretary of Corrections." Both are mentioned as ignoring or failing to respond to grievances filed by Plaintiff. The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show the required personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Regardless of whether or not Plaintiff has met his burden on the first two questions, he fails to show that Defendants disregarded a risk of harm to him. Plaintiff's own allegations show he has been transferred repeatedly, has been kept in segregation much of the time, and is currently in

3

a treatment bed at LCF, which Plaintiff acknowledges is a type of segregation.  (Doc. 17 at 6.)  Mr.

Dale further admits a "central monitor went through" as he had requested for one of the inmates

he informed on.  (Doc. 17 at 7.)   Defendants only have a duty to take *reasonable* measures to

protect prisoners from harm; they are not required to guarantee total safety.  *Farmer*, 511 U.S. at

832; s*ee Berry v. City of Muskogee*, 900 F.2d 1489, 1499 (10th Cir. 1990).  "[P]rison officials who

actually knew of a substantial risk to inmate health or safety may be found free from liability if

they responded reasonably to the risk, even if the harm ultimately was not averted.  A prison

official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that

incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe

custody under humane conditions."   *Farmer*, 511 U.S. at 844-45 (internal quotation marks

omitted).  Mr. Dale's complaint shows prison officials have not simply turned a blind eye to his

situation.  Particularly given that he has not suffered an assault since 2014, the Court cannot find

Plaintiff has stated a claim that Defendants acted with deliberate indifference.  Rather, it appears

they have fulfilled their duty to ensure Plaintiff "reasonable safety."

In his amended complaint and response, Plaintiff focuses on the fact that Defendants have

not put in place the "keep aways" or central monitors he has requested.  Merely because

Defendants have not taken the actions he wants does not mean they have acted with deliberate

indifference to his safety such as to violate his constitutional rights.  "[P]rison officials are not

required to guarantee a prisoner's safety under terms and conditions dictated by the prisoner. A

prisoner is entitled to adequate protection from harm, but is not entitled to direct prison officials

on the means to accomplish it."  *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1199 (D. Kan. 2008)

(quoting *Hall v. Arnold,* 2007 WL 3399745, *4 (E.D. Ky. 2007)); *Cf, Perkins v. Kansas Dep't of*

4

*Corrs.,* 165 F.3d 803, 811 (10th Cir.1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.")

It is worth noting that this is not a case where Defendants have labeled Mr. Dale a "snitch," thus placing him in danger.  He was identified as an informant because he wrote a letter to the prosecutor in his case providing information on several other pretrial detainees at the Johnson County Jail.  According to Mr. Dale, this letter was given to defense counsel for those detainees resulting in Plaintiff being identified as an informant.  This distinguishes Plaintiff's situation from cases which have found that prison staff labeling a prisoner a "snitch" or otherwise informing other prisoners that he cooperated with law enforcement can constitute deliberate indifference.  *See, e.g., Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

Because Plaintiff has failed to allege facts showing Defendants responded unreasonably or that they failed to provide him with reasonable safety during the relevant time period, Plaintiff's Eighth Amendment claim shall be dismissed.

### Denial of Access to the Courts (Count II)

In his amended complaint, Plaintiff adds a count for violation of his First Amendment right of access to the courts.  He added this claim based on the Court's discussion in the order to show cause of his failure to exhaust administrative remedies.  Mr. Dale claims Defendants ignored his grievances, thus preventing him from exhausting his remedies and ultimately causing this § 1983 action to be dismissed.  Because the Court is not dismissing Mr. Dale's complaint on the basis of failure to exhaust, this claim is moot.

### Due Process and Equal Protection Claims

Mr. Dale also alleges that Defendants violated his right to due process and equal protection under the Fifth and Fourteenth Amendments.  Because Defendants' conduct is governed by a

5

specific constitutional provision - namely, the Eighth Amendment's prohibition against cruel and unusual punishment - "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide." *Berry,* 900 F.2d at 1494. Whether Plaintiff's claims are evaluated under the Eighth or Fourteenth Amendments, the standards for analysis to be applied are the same.

If Plaintiff intended to bring a procedural due process claim in addition to or in lieu of a substantive due process claim, that claim fails for absence of the essential elements. *See generally Sandin v. Conner,* 515 U.S. 472, 483–84 (1995); *Daniels v. Williams,* 474 U.S. 327, 331 (1986); *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569 (1972). Plaintiff's equal protection claim also fails because he has not alleged facts establishing the essential elements. *See generally Riddle v. Mondragon,* 83 F.3d 1197, 1207 (10th Cir. 1996). Plaintiff fails to allege any facts suggesting that he is a member of a suspect classification, that he was treated differently from other similarly-situated prisoners, or that defendants' acts did not serve a legitimate penological purpose, as is essential to state a claim under the Equal Protection Clause of the Fourteenth Amendment. Mr. Dale has failed to present a plausible right to relief under these amendments.

For the foregoing reasons, Plaintiff has failed to state a claim on which relief may be granted, and his complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2018, at Topeka, Kansas.

s/_Sam A. Crow_____
SAM A. CROW
U. S. Senior District Judge